UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS HONCHARIW, Trustee, Honchariw Family Trust,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF STANISLAUS,<br><br>Defendant. | No. 1:21-cv-00801-DAD-SKO<br><br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. No. 6) |

This matter is before the court on plaintiff Nicholas Honchariw's motion to remand this action to the Stanislaus County Superior Court. (Doc. No. 6.) Pursuant to General Order No. 617 addressing the public health emergency posed by the coronavirus pandemic, on June 9, 2021, the court took this matter under submission to be decided on the papers. (Doc. No. 7.) For the reasons set forth below, the court will deny plaintiff's motion to remand.

**BACKGROUND**

On August 25, 2017, plaintiff filed a verified petition for writ of mandate and complaint for declaratory relief and damages in the Stanislaus County Superior Court (the "initial complaint") against defendant County of Stanislaus, regarding certain conditions of approval for a subdivision of residential lots in the County of Stanislaus. (Doc. No. 1 at 8–16.) Plaintiff's initial complaint asserted three state law causes of action for writ of mandate under California

1

Code of Civil Procedure § 1085, declaratory relief under California Code of Civil Procedure § 536(a), and damages under California Government Code § 66020. (*Id.*)

After litigating in state court for over three years, plaintiff advised defendant and the superior court that he intended to file a verified supplemental and amended complaint for damages (the "supplemental complaint"). (Doc. Nos. 6-2 at ¶ 7; 8 at 8–16.) Unlike the initial complaint, plaintiff's supplemental complaint stated federal claims on its face.[1] (Doc. Nos. 6-1 at 5; 8 at 8–16.) On March 16, 2021, the parties executed a stipulation agreeing: (1) to file a proposed order with the Stanislaus County Superior Court allowing plaintiff to file the supplemental complaint; (2) that defendant acknowledged service of the supplemental complaint; (3) that defendant denied all allegations in the supplemental complaint and waived no defenses; and (4) that defendant was given sixty days to file its responsive pleading to the supplemental complaint (the "stipulation"). (Doc. No. 8 at 4–5.) A copy of plaintiff's supplemental complaint was also attached to the parties' stipulation. (*Id.* at 8–16.)

In the following days and weeks, plaintiff unsuccessfully attempted to electronically file the stipulation and supplemental complaint with the Stanislaus County Superior Court. (Doc. No. 6-2 at ¶ 9.) Finally, on April 21, 2021, the superior court entered an order upon the parties' stipulation, (Doc. No. 8 at 6), and the supplemental complaint was deemed filed two days later, on April 23, 2021.[2] (Doc. No. 1 at 237–245.)

On May 17, 2021, twenty-four days after plaintiff's supplemental complaint was filed in state court, defendant removed the action to this federal court. (Doc. No. 1.) In its notice of removal, defendant asserts that removal is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. §

---

[1] Plaintiff's supplemental complaint alleges the following state and federal claims: (1) under California Government Code § 815.6; (2) for inverse condemnation and temporary taking under the Fifth and Fourteenth Amendments to the U.S. Constitution; Article I, Section 19 of the California Constitution; and 42 U.S.C. § 1983; and (3) for denial of substantive due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution; Article 1, Section 7 of the California Constitution; and 42 U.S.C. § 1983. (Doc. No. 8 at 10–13.)

[2] Although the superior court issued an order upon the parties' stipulation on April 21, 2021, the superior court's docket reflects that a "Stipulation and Order" and "Amended Complaint" were both filed on April 23, 2021. (Doc. No. 1 at 257–258.)

1331 because this court has original jurisdiction over plaintiff's claims arising under the United States Constitution and 42 U.S.C. § 1983. (Doc. No. 1 at 3.) Defendant also contends that under 28 U.S.C. § 1367(a) this court may exercise supplemental jurisdiction over plaintiff's remaining state-law claims because they are part of the same case or controversy as the related federal claims. (*Id.*) Defendant maintains that removal was timely under 28 U.S.C. § 1446(b)(3) because the supplemental complaint was filed on April 23, 2021 and the notice of removal was filed within thirty days thereafter, on May 17, 2021. (*Id.* at 4.)

On June 8, 2021, twenty-two days after the notice of removal was filed, plaintiff filed the pending motion to remand. (Doc. No. 6.) Therein, plaintiff argues that the removal of this action was untimely because the notice of removal was not filed within thirty days of the execution of the parties' stipulation, which plaintiff contends constitutes an "other paper" from which defendant could first ascertain that the case was removable. (*Id.* at 2.) Plaintiff also contends that defendant waived its right to removal when it executed the parties' stipulation. (*Id.*) Plaintiff does not, however, challenge defendant's jurisdictional basis for removing the supplemental complaint—only its timeliness. Plaintiff also seeks recovery of his costs and fees in bringing this motion. (*Id.*) Defendant filed an opposition to the pending motion on July 6, 2021, arguing that there were no grounds upon which to remove this action until the supplemental complaint filed in state court became operative on April 23, 2021. (Doc. No. 10 at 7.) As for waiver, defendant maintains that its execution of the stipulation did not manifest its intent to adjudicate the case in state court and thus does constitute waiver of its right to removal. (*Id.* at 7-8) Plaintiff filed his reply on July 12, 2021. (Doc. No. 11.)

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over the removed action, "the case shall be remanded." 28 U.S.C. § 1447(c). "The

3

removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). As such, a federal court must reject jurisdiction and remand the case to state court if there is any doubt as to the right of removal. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

As to the timeliness of a removal, 28 U.S.C. § 1446(b) sets forth two separate thirty-day provisions that govern the time to remove a case from state court to federal court. First, a notice of removal must be filed within thirty days of defendant receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Second, if the initial pleading does not indicate that the case is removable, a second thirty-day deadline for removal will begin to run when defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). The first thirty-day removal deadline set forth in 28 U.S.C. § 1446(b) "is mandatory such that a timely objection to a late petition will defeat removal." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 n.4 (9th Cir. 2013). "If a notice of removal is filed after [the second] thirty-day window, it is [also] untimely and remand to state court is therefore appropriate." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

## ANALYSIS

**A.    Timeliness of Defendant's Removal**

Here, the parties dispute whether defendant's removal of this action was timely. There is no question that defendant's removal on May 17, 2021 was timely if the thirty-day removal clock began to run when plaintiff's supplemental complaint was filed (April 23, 2021) or when the superior court entered the order pursuant to the parties' stipulation (April 21, 2021). Plaintiff does not dispute this. Instead, plaintiff contends that the removal clock under 28 U.S.C. §

4

1446(b)(3) was triggered well before either the supplemental complaint was filed, or the state court entered the order on the parties' stipulation.³ (Doc. No. 6-1 at 3.) Specifically, plaintiff argues that the stipulation executed by the parties on March 16, 2021 constituted an "other paper" alerting defendant to the removability of the initial complaint, thereby triggering the running of the second thirty-day removal clock. (Doc. No. 11 at 2.) In short, removal of this action is timely, unless as plaintiff argues, the second thirty-day removal period began to run on March 16, 2021 when the parties executed their stipulation.

In his motion to remand, plaintiff admits that "the initial complaint did not expressly state federal claims," and he does not argue that the initial complaint "was removable 'on its face.'" (Doc. No. 11 at 2–3.) Plaintiff's main argument is that because the initial complaint was drafted broadly enough to encompass federal claims, defendant could first ascertain that federal claims existed when it received the supplemental complaint attached to the stipulation, thus triggering the commencement of the second thirty-day removal period at that time. (Doc. No. 11 at 2.) Plaintiff directs the court to specific paragraphs in the initial complaint where he contends he "alleged the basic facts necessary for the federal claims" and "the elements of the federal claims." (Doc. No. 6-1 at 6.) Plaintiff maintains that these allegations—even if "they are insufficient to show a federal claim 'on its face'"—were adequate to provide a basis for proceeding with federal claims under California law. (Doc. No. 11 at 3.) Thus, plaintiff contends that when the broad allegations of the initial complaint were paired with the notice provided by the parties' stipulation, defendant should have ascertained that there were removable federal claims and removed this action based on the *initial* complaint no later than March 16, 2021. (Doc. No. 6-1 at 6.)

Having considered the parties' arguments and the relevant case law, the court finds plaintiff's arguments to be unpersuasive for several reasons.

/////

---

³ Although plaintiff cites 28 U.S.C. § 1446(b)(1) in his motion to remand, he quotes the language from subdivision (b)(3) and has included cases interpreting the phrase "other paper" from that subdivision as well. (Doc. No. 6-1 at 3–4.)

First, whether plaintiff's allegations in the initial complaint would have been adequate to provide a basis for a federal claim under California's procedural law is irrelevant. Whether the initial complaint could be removed based on federal question jurisdiction depends on if it satisfied the well-pleaded complaint rule. *See, e.g.*, *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) ("Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–399 (1987) (detailing "the paramount policies embodied in the well-pleaded complaint rule" including "that a federal question *must* appear on the face of the complaint") (emphasis added); *id.* at 392 ("[T]he 'well-pleaded complaint rule' [] provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). Here, as plaintiff concedes, his initial complaint did not satisfy the well-pleaded complaint rule and thus did not state a federal claim sufficient to trigger the commencement of the first thirty-day clock for removal. Moreover, the court has reviewed the initial complaint and agrees that it did not state federal claims that would have provided any "grounds for removal." 28 U.S.C. § 1446(a).

Second, the court is not persuaded by plaintiff's argument that the stipulation constituted an "other paper" that alerted defendant to implied federal claims in plaintiff's initial complaint and triggered the running of the second thirty-day clock for removing the initial complaint. (*See* Doc. No. 11 at 2–4.) Under the well-pleaded complaint rule, plaintiff is the master of the complaint and he has the right to, "by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar Inc.*, 482 U.S. at 398–399; *see also Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1037, 1040–1041 (9th Cir. 2003) (finding that even though the allegations of plaintiff's complaint were stated "in terms that track almost verbatim the misdeeds proscribed by [federal] rules," the allegations did not confer federal question jurisdiction when plaintiff only sought relief under state law); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) ("That the same facts could have been the basis for a Title VII claim does not make [plaintiff's] wrongful termination claim into a federal cause of action. [Plaintiff] chose to bring a state claim rather than a Title VII claim. . . ."). Here, plaintiff concedes that he did not state any federal claims on the face of his initial complaint, and it is

6

apparent from the court's review of that initial complaint that plaintiff sought only relief under state law. (Doc. Nos. 11 at 2; 1 at 13–14.)

In addition, assuming for the sake of argument that a document that is outside the pleadings and not incorporated by reference could be considered in determining whether implied federal claims had been stated in a complaint, plaintiff's argument is still unpersuasive. An "other paper" received after the initial complaint must affirmatively reveal "from the face of the document" the grounds for removal. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694–695, 697 (2005) (detailing the principles supporting the court's adoption of a "bright-line approach"). The Ninth Circuit recently ruled that its "bright-line approach" means the second thirty-day clock does not start until a subsequent paper makes the grounds for removal "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090, 1094 (9th Cir. 2021) (holding that *written* discovery responses clearly stating the grounds for removal under 28 U.S.C. § 1442(a) triggered the thirty-day removal clock, while *oral* deposition testimony providing the same information would not trigger the commencement of the removal clock until formalized into a written transcript).[4]

Here, the parties' stipulation itself does not provide any notice to defendant that the initial complaint contained implied federal claims—it simply does not mention the substance of either

/////

/////

/////

/////

---

[4] Plaintiff also suggests that defendant knew about the federal claims to be brought by him earlier than March 16, 2021 through oral conversations and by virtue of receiving the stipulation on March 8, 2021. (Doc. No. 6-1 at 2, 4, 6.) These arguments are unavailing. First, the Ninth Circuit in *Dietrich* held that the word "paper" in "other paper," 28 U.S.C. § 1446(b)(3), "is defined as '[a] written or printed document or instrument,'" so oral conversations have no legal effect on triggering the commencement of the thirty-day removal clock. 14 F.4th at 1095 (citations omitted). Second, the fact that defendant received the stipulation eight days earlier than it was executed does not affect the court's analysis regarding how the stipulation could have potentially placed defendant on notice as to the alleged removability of plaintiff's initial complaint.

7

complaint at all.[5] (*See* Doc. No. 8 at 4–5.) Although plaintiff's proposed supplemental complaint that was attached to the parties' stipulation states federal claims, plaintiff fails to explain how "the face of" the proposed supplemental complaint "revealed affirmatively" to defendant that it was the *initial* complaint that included claims arising under federal law. Moreover, were the court to credit plaintiff's argument in this regard, it would run afoul of the principles enumerated by the Ninth Circuit supporting its "bright-line approach," such as "'bring[ing] certainty and predictability to the process' of removals" and "'avoid[ing] gamesmanship in pleading,'" among others. *Dietrich*, 14 F.4th at 1091 (alterations in original) (quoting *Harris*, 425 F.3d at 697). Even in instances where federal law is referenced in the initial complaint or in an attachment to the complaint, that is generally insufficient to state a federal claim. *See, e.g.*, *Rains*, 80 F.3d at 344 (finding that direct and indirect references to federal law in state law causes of action did not confer federal question jurisdiction); *Lippitt*, 340 F.3d at 1041 (finding that references to federal securities laws violations on the face of the complaint were insufficient to provide the basis for removal under federal question jurisdiction); *St. Mary's Reg'l Med. Ctr. v. Renown Health*, 35 F. Supp. 3d 1275, 1282 (D. Nev. 2014) (finding that the plaintiff's complaint referring to and attaching an exhibit—a draft complaint by the Federal Trade Commission—alleging violations of a federal antitrust statute was insufficient to state a federal claim for purposes of federal question jurisdiction, even when the draft complaint was incorporated into the complaint under Rule 10(c) of the Federal Rules of Civil Procedure).

---

[5] Although the cases cited by plaintiff are offered for the proposition that an "other paper" could reveal federal jurisdiction and the removability of an initial complaint (Doc. Nos. 6-1 at 4; 11 at 2), none of those cases involved federal question jurisdiction and the well-pleaded complaint rule. For example, in *Durham v. Lockheed Martin Corp.* 445 F.3d 1247 (9th Cir. 2006), cited by plaintiff in his motion, the court was examining removal under 28 U.S.C. § 1442(a), which allows for removal of actions brought in state court against a defendant who acted under the color of federal office. In *Durham* the Ninth Circuit contrasted federal officer removal under 28 U.S.C. § 1442(a) with federal question removal under 28 U.S.C. § 1441, concluding that "removal rights under section 1442 are much broader than those under section 1441" and that "removals under section 1441 are subject to the well-pleaded complaint rule, while those under section 1442 are not." 445 F.3d at 1253; *see also Babasa*, 498 F.3d at 975 (finding that a letter sent in advance of mediation that showed the amount in controversy was over $5 million provided sufficient notice that the case was removable under the Class Action Fairness Act). Accordingly, the court finds these cases inapposite.

Third, and finally, the stipulation had no legal effect on the removability of this action until the superior court entered an order on the parties' stipulation. *See Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (holding that an amended complaint raising federal claims for the first time only becomes removable and triggers the second removal clock when the state court grants a motion to amend, not when the motion to amend is first made)[6]; *cf. Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188–1190 (9th. Cir. 2015) (citing *Sullivan*, 157 F.3d at 1094) (finding that the second removal clock was only triggered in a Class Action Fairness Act removal when the state court entered the class certification order necessarily increasing damages to more than $5 million, noting that "[t]he tentative ruling had no jurisdictional effect precisely because it was tentative"). Under the majority view articulated in *Sullivan*, new federal claims stated in an amended complaint do not trigger the second thirty-day removal clock until the state court grants leave to amend. *Sullivan*, 157 F.3d at 1094 ("The statutory language that we quoted [in 28 U.S.C. § 1446(b)] speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion by the state judge."). Here, leave to amend the initial complaint occurred, at the earliest, on April 21, 2021, when the superior court entered an order upon the parties' stipulation. (Doc. No. 8 at 6.) Before that time, there were no federal claims stated on the face of any operative complaint that could have provided a basis for removal of this action to federal court. *See Lion Raisins, Inc.*, 788 F. Supp. 2d at 1174 (quoting *Caterpillar Inc.*, 482 U.S. at 392) ("'[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint,' not based upon what an amended pleading may present in the future."); *Brewer*, 2017 WL 3635824, at *1 (citation omitted) ("Simply put, in federal court,

---

[6] The Ninth Circuit has not addressed if an amended pleading stating federal claims triggers the second removal clock before leave to amend has been granted. But the Seventh Circuit's decision in *Sullivan* is considered the "majority view" in federal courts and has been widely adopted in district courts across California, including this one. *See, e.g.*, *Lion Raisins, Inc. v. Fanucchi*, 788 F. Supp. 2d 1167, 1172–1173 (E.D. Cal. 2011) (adopting the "majority view" in *Sullivan*); *Brewer v. Hatton*, No. 17-cv-02900-JSC, 2017 WL 3635824, at *2 (N.D. Cal. Aug. 24, 2017) (same); *Lucente S.P.A. v. Apik Jewelry, Inc.*, No. 07-cv-04005-MMM-RZ, 2007 WL 7209938, at *4 (C.D. Cal. Oct. 3, 2007) (same). Thus, this court finds *Sullivan*'s reasoning persuasive.

9

1   there is simply no such thing as 'contingent' subject matter jurisdiction.").

2   Therefore, the court finds that defendant's notice of removal was timely because it was
3   filed on May 17, 2021, twenty-six days after the Stanislaus County Superior Court entered the
4   order allowing plaintiff to file his supplemental complaint, which added federal claims and thus
5   provided the grounds for removal based on federal question jurisdiction.

6   **B.   Waiver**

7   The parties also dispute whether defendant waived its right to removal when it executed
8   the stipulation. (Doc. Nos. 6-1, at 7; 10, at 17.) A defendant "may waive the right to remove to
9   federal court where, after it is apparent that the case is removable, the defendant takes actions in
10  state court that manifest his or her intent to have the matter adjudicated there, and to abandon his
11  or her right to a federal forum." *Resolution Trust Corp. v. Bayside Developers,* 43 F.3d 1230,
12  1240 (9th Cir. 1994). Defendant's waiver "must be clear and unequivocal." *Id.* Generally, "the
13  right of removal is not lost by action in the state court short of proceeding to an adjudication on
14  the merits." *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018) (citing *Resolution
15  Trust Corp.*, 43 F.3d at 1240) (finding that defendant's act of filing a demurrer but removing
16  shortly after the filing, before an opposition was filed, a hearing was held, or a ruling was issued,
17  showed that defendant did not waive right to remove).

18  Plaintiff argues that when defendant signed the parties' stipulation, it agreed to treat the
19  supplemental complaint as "live" by stipulating to its filing, accepting its service, extending its
20  responsive pleading deadline, and denying its allegations. (Doc. Nos. 6-1 at 7; 11 at 4.) In its
21  opposition to the pending motion to remand, defendant contends its agreement to the stipulation
22  was merely a "professional courtesy" and did not advance the case towards an adjudication on the
23  merits in state court. (Doc. No. 10 at 18.)

24  The court is not persuaded by plaintiff's arguments and finds that defendant did not waive
25  its right to remove this matter to federal court for several reasons.

26  First, plaintiff relies on the decision in *Chicago Title & Trust Co. v. Whitney Stores, Inc.*,
27  583 F. Supp. 575, 577 (N.D. Ill. 1984), but that case is not analogous to this one. In *Chicago
28  Title & Trust Co.*, the defendant sought and obtained a continuance of a trial set to begin in two

weeks without informing plaintiff or the state court that defendant intended to remove the case in the interim continuance period. *Id.* at 576. The court found that defendant had breached the "prompt notification requirement" regarding the availability of removal arising when trial was imminent. *Id.* at 577. Here, by contrast, trial was not imminent in state court and the "prompt notification requirement" was not implicated.

Second, when examining the parties' stipulation itself, there is nothing "clear and unequivocal" in it that addresses removal or defendant's intent to waive its right to remove the action to federal court. (Doc. No. 8 at 4–5.) As with the lack of notice regarding federal claims impliedly raised in the initial complaint, the stipulation is simply silent on the topic of removal. (*Id.*)

Third, the stipulation was signed by defendant on March 16, 2021 (Doc. No. 8), but this case did not become removable, at the very earliest, until April 21, 2021 when the superior court entered an order allowing plaintiff's filing of the supplemental complaint. Defendant cannot waive the right to remove before "it is apparent that the case is removable" in the first place. *Resolution Trust Corp.*, 43 F.3d at 1240; *see also Koch v. Medici Ermete & Figli S.R.L.*, No. 13-cv-1411 CAS-PJW, 2013 WL 1898544, at *2 (C.D. Cal. May 6, 2013) ("In all such circumstances, the first requirement is that 'it must be unequivocally apparent that the case is removable.'") (quoting 10 James W. Moore, et al., Moore's Federal Practice, § 107.18[3][a]).

Fourth, and finally, the matters addressed in the parties' stipulation—agreeing to the filing of the supplemental complaint, accepting its service, extending its responsive pleading deadline, and denying its allegations—were non-substantive procedural issues. (Doc. No. 8 at 4–5.) It is well established that the filing of a responsive pleading, which typically deny all allegations in the complaint, does not constitute waiver of removal. *Acosta v. Direct Merchants Bank*, 207 F. Supp. 2d 1129, 1131 (S.D. Cal. 2002). It follows that seeking an extension to file a responsive pleading also does not constitute a removal waiver. *Harara v. Landamerica Fin. Grp., Inc.*, No. 07-cv-03999-WHA, 2007 WL 2938172 at *4 (N.D. Cal. Oct. 9, 2007) ("If an action is still removable after an answer is filed, logic dictates that merely asking for an extension of time to answer could not be considered a waiver of removal."). Moreover, stipulating to allow plaintiff to file an

amended pleading and accepting service of that pleading are more akin to activities found by courts not to constitute waiver than to those that have been found to establish waiver of removal. *Compare Flam v. Flam*, No. 1:12-cv-1052-AWI-DLB, 2016 WL 829163, at *4 (E.D. Cal. Mar. 3, 2016) ("The filing of an answer or a responsive pleading, and engaging in limited discovery (such as participating in limited depositions), are actions that do not constitute waiver.") (citations omitted) *and Foley v. Allied Interstate, Inc.*, 312 F. Supp. 2d 1279, 1284–1285 (C.D. Cal. 2004) (holding that "filing an answer, serving form interrogatories and requesting a time extension to respond to discovery" did not constitute waiver) *with Acosta*, 207 F. Supp. 2d 1132–1133 (finding waiver where defendant filed a non-compulsory counterclaim and cross-complaint) *and Capretto v. Stryker Corp.*, No. 07-cv-03390-WHA, 2007 WL 2462138, at *3 (N.D. Cal. Aug. 29, 2007) (finding waiver where defendant attempted to remove the action after filing motion for summary judgment and state court held hearing on motion).

Accordingly, the court finds that none of the matters agreed to in the stipulation advanced the litigation in state court toward deciding or resolving the case on the merits. Thus, its execution did not constitute waiver of defendant's right to remove this action.

**C.     Plaintiff's Request for Attorneys' Fees**

Because defendant's notice of removal was timely and defendant did not waive its right to removal, plaintiff is not entitled to recover costs or attorneys' fees under 28 U.S.C. § 1447(c).

**CONCLUSION**

For the reasons set forth above, plaintiff's motion for remand (Doc. No. 6) is denied.

IT IS SO ORDERED.

Dated:   **November 17, 2021**

UNITED STATES DISTRICT JUDGE

12